IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN RANDOLPH EPPS,

        Plaintiff,                     No. CIV S-04-2227 DFL KJM P

    vs.

KATHY MENDOZA-POWERS,
et al.,

        Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915 and the appointment of counsel.  This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.37 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

With respect to plaintiff's motion for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

1  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
2  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957));  Palmer
3  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
4  complaint under this standard, the court must accept as true the allegations of the complaint in
5  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
6  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8               The court finds that the allegations in plaintiff's complaint fail to state a claim
9  upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible
10  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
11  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
12  must allege with at least some degree of particularity overt acts which defendants engaged in that
13  support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however,
14  grant leave to file an amended complaint.

15               It appears plaintiff may be attempting to allege he has been denied access to the
16  courts in violation of the First Amendment, in addition to a retaliation claim.  Plaintiff is
17  informed that the law with respect to an inmate's right to access to courts was discussed in detail
18  by the United States Supreme Court in Lewis v. Casey, 518 U.S. 343 (1996).  Most importantly
19  in Lewis, the court held that for a prisoner to be successful on a denial of access to courts claim,
20  he must show not only denial of access, but also injury resulting from the denial of access; "the
21  inmate . . . must . . . demonstrate that the alleged shortcomings in the [prison's law] library or
22  legal assistance program hindered his efforts to pursue a legal claim."  Id. at 351.  "He might
23  show, for example, that a complaint he prepared was dismissed for failure to satisfy some
24  technical requirement which, because of deficiencies in the prison's legal assistance facilities, he
25  could not have known.  Or that he had suffered arguably actionable harm that he wished to bring
26  before the courts, but was so stymied by inadequacies of the law library that he was unable even

1  to file a complaint." Id.

2  Plaintiff also is informed that if he chooses to amend the complaint, plaintiff must
3  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
4  constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint
5  must allege in specific terms how each named defendant is involved. There can be no liability
6  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
7  actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
8  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
9  Furthermore, vague and conclusory allegations of official participation in civil rights violations
10 are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
13 amended complaint be complete in itself without reference to any prior pleading. This is
14 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
15 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
16 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
17 original complaint, each claim and the involvement of each defendant must be sufficiently
18 alleged.

19 The court notes plaintiff has filed a motion asking that this case be consolidated
20 with CIV S-04-2014 LKK DAD P. The court has reviewed the original complaint in that matter;
21 although that complaint has been dismissed with leave to amend, it appears to cover different
22 subject matter than does this case. Additionally, plaintiff's request for consolidation has been
23 denied in the other case and the undersigned declines to reach a different conclusion than her
24 colleague has in that other case. Plaintiff's motion to consolidate will be denied.

25 /////

26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.37. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's October 20, 2004 motion for the appointment of counsel is denied.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's March 30, 2005 motion to consolidate is denied.

DATED: May 13, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
epps2227.14